# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| JAMES BANKS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Cv. No. 2:13-cv-02754-STA-dkv |
| v. | ) | Cr. No. 2:06-cr-20361-JDB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255, DENYING CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") filed by Movant, James Banks, Bureau of Prisons register number 21158-076, who is currently incarcerated at the United States Penitentiary Canaan in Waymart, Pennsylvania. (§ 2255 Mot., *Banks v. United States,* No. 2:13-cv-02754-STA-dkv (W.D. Tenn.), ECF No. 1.) For the reasons stated below, the Court **DENIES** the § 2255 Motion.

## I. PROCEDURAL HISTORY

### A. Criminal Case Number 06-20361

On September 19, 2006, a federal grand jury returned a single-count indictment charging Banks, a convicted felon, with possessing five rounds of nine millimeter caliber ammunition with the head stamp markings of "FC" and "9mm Luger," in violation of 18 U.S.C. § 922(g).

(Indictment, *United States v. Banks,* No. 2:06-cr-20361-JDB (W.D. Tenn.), ECF No. 1 (sealed).)

The factual basis for this charge is stated in the presentence report ("PSR"):

The Offense Conduct

5. According to the case file, on Sunday, March 12, 2006, James E. Banks and Talesha Malone were involved in a car accident, where a twelve year old boy (pedestrian) was struck in front of 1408 Briarcrest Lane in Memphis, Tennessee. A witness to the accident, Antonio Pierce, who lives at 1408 Briarcrest, gave a statement to investigating officers at the scene of the accident which contradicted Banks' version of the incident. A verbal altercation between Banks and Pierce ensued. Later in the day at approximately 8:30 p.m., Banks returned to 1408 Briarcrest Lane armed with a handgun. Banks called repeatedly for Pierce using Pierce's nickname. Pierce's father, Leo Seaberry, who was in the residence, peered out the window and observed Banks point a pistol and shoot through the window in his direction. Seaberry ducked and then got on the floor as several more shots were fired into the residence. Seaberry identified Banks as the "shooter" from a photo lineup. Pierce recognized Banks' voice just prior to the shots being fired.

6. Responding officers to the scene recovered five spent 9mm shell casings from in front of the residence.

7. On September 7, 2006, Talesha Malone, [sic] swore to a written affidavit that Antonio Pierce was the father of her six year old daughter and that James Banks was her boyfriend. Malone reported in the affidavit that she was the driver in the car accident on March 12, 2006 involving a small boy and that James Banks was in the car with her. Antonio Pierce, however, told police that James Banks was driving. According to Malone's affidavit, Pierce was constantly threatening Banks with his life and earlier had threatened to get his "G.D" (Gangster Disciples) partners to kill Banks. Malone stated that after the incident she and Banks went to Whitehaven where they remained overnight.

8. On December 19, 2006, Talesha Malone was interviewed by a federal agent. During the interview, Malone admitted that the story she gave in the affidavit was not true regarding the events that occurred after the accident and that James Banks threatened her to come up with the story or he was going to "kick her ass" or hurt her. In the December interview, Malone maintained that she was the driver at the time of the accident and that Pierce had falsely accused Banks of being the driver. However, after the accident, she and Banks went to the Coming Village Apartments where Banks obtained a gun from a male named "Steebo." Malone stated

that both she and Banks' sister tried to stop Banks from shooting into Pierce's house.

9. A federal agent examined the recovered shell casings from the scene at 1408 Briarcrest Lane and determined that the casings belonged to ammunition not manufactured in the State of Tennessee. Agents confirmed that James Banks was a previously convicted felon prior to the March 12, 2006 shooting.

. . . .

Adjustment for Obstruction of Justice

11. Considering the information in ¶8, it appears that the defendant threatened Talesha Malone into giving a false statement material to Banks' involvement in the instant offense. Therefore, an enhancement under 3C1.1 appears appropriate.

Adjustment for Acceptance of Responsibility

12. On March 5, 2007, the defendant admitted to the probation officer that he went to a person's house with whom he had been in an argument and he shot at the person's house, leaving spent bullet casings on the ground. The defendant stated he wants to apologize for his actions. The defendant stated that he would not do something like this again.

13. According to §3El.1, comment. (n.4) conduct resulting in an enhancement under §3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3Cl.l and 3El.1 may apply.

(PSR ¶¶ 5-9, 11-13.)

Pursuant to a written plea agreement, Banks appeared before United States District Judge J. Daniel Breen on February 21, 2007, to plead guilty to the indictment. (Min. Entry, *United States v. Banks*, No. 2:06-cr-20361-JDB (W.D. Tenn.), ECF No. 21; Plea Agreement, *id.*, ECF No. 23.) At a hearing on May 31, 2007, Judge Breen sentenced Banks to a term of imprisonment of ten years, to be followed by a three-year period of supervised release. (Min. Entry, *id.*, ECF

No. 27; Sentencing Hr'g Tr., *id.*, ECF No. 33 (sealed).)[1] Judgment was entered on June 1, 2007. (J. in a Criminal Case, *United States v. Banks*, No. 2:06-cr-20361-JDB (W.D. Tenn.), ECF No. 29 (sealed).)

The United States Court of Appeals for the Sixth Circuit affirmed Banks's sentence in an unpublished opinion. *United States v. Banks*, No. 07-5698 (6th Cir. July 22, 2008). The Court of Appeals found that the judicial factfinding at the sentencing hearing did not violate Banks's Sixth Amendment rights:

> Banks challenges the district court's reliance on the cross-reference to a separate offense, alleging that the facts underlying the offense of attempted murder were not established by a guilty plea or a jury verdict and not admitted by the defendant or proven to a jury beyond a reasonable doubt. However, a defendant's Sixth Amendment right to have a jury determine the facts beyond a reasonable doubt is limited to facts that increase a sentence beyond the statutory maximum for the offense charged. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *United States v. Crowell*, 493 F.3d 744, 749 (6th Cir. 2007), *cert. denied*, 128 S. Ct. 880 (2008). This court has consistently held that judicial factfinding, under the advisory Guidelines regime, does not violate the Sixth Amendment. *See United States v. Wittingen*, 519 F.3d 633, 638 (6th Cir. 2008); *see also United States v. Thompson*, 515 F.3d 556, 568 (6th Cir. 2008). Banks does not argue that the district court increased his sentence beyond the statutory maximum for being a

---

[1] The 2006 edition of the *Guidelines Manual* was used to calculate Banks's sentence. (PSR ¶ 14.) Pursuant to § 2K2.1(a)(4)(A) of the United States Sentencing Guidelines ("U.S.S.G."), the base offense level for unlawful possession of a firearm is 20 if the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense. U.S.S.G. § 2K2.1(c)(A) provides that, if the defendant used or possessed the firearm in connection with the commission of, or attempted commission of, another offense, § 2X1.1 (Attempt, Solicitation, or Conspiracy) should be applied in respect to that other offense if the resulting offense level is greater than that previously determined. Pursuant to U.S.S.G. § 2X1.1(a), the base offense level is the base offense level for the substantive offense plus any adjustments that can be established with reasonable certainty. The substantive offense in this case is Assault with Intent to Commit Murder; Attempted Murder, and the base offense level is 33 because the object of the offense would have constituted first degree murder. U.S.S.G. § 2A2.1(a)(1). Banks received a two-level enhancement for obstruction of justice, U.S.S.G. § 3C1.1, and a three-level reduction for acceptance of responsibility, *id.* § 3E1.1, resulting in a total offense level of 32. Given Banks's criminal history category of IV, the guideline sentencing range was 168-210 months. The statutory maximum for the offense was 120 months (ten years). 18 U.S.C. § 924(a)(2).

felon in possession of a firearm. Instead, he argues that the court violated his Sixth Amendment right to a trial by jury when it found facts by a preponderance of the evidence that increased his sentence beyond the conduct to which he admitted. His argument that the district court could not base the cross-reference on facts that the court found by a preponderance of the evidence is clearly foreclosed by case law to the contrary. *See United States v. Birka*, 487 F.3d 450, 459 (6th Cir. 2007); *United States v. Gates*, 461 F.3d 703, 708 (6th Cir. 2006).

We also conclude that the district court's factual finding was supported by a preponderance of the evidence. Facts employed by the district court to find criminal responsibility should not be set aside unless clearly erroneous. *United States v. Katzopoulos*, 437 F.3d 569, 574 (6th Cir. 2006); *United States v. Quigley*, 382 F.3d 617, 621 (6th Cir. 2004). Under the Guidelines at § 2A2.1 comment (n.1), which references 18 U.S.C. § 1111, murder is defined as "the unlawful killing of a human being with malice aforethought." The statute further states: "Every murder . . . perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree." 18 U.S.C. § 1111(a).

The district court thoroughly and meticulously described the testimony of three witnesses who testified relative to the facts and circumstances surrounding Banks shooting at an intended victim. The district court also considered Banks's statements, along with police reports filed in conjunction with the incident. Upon review of the transcript and the district court's summary of the evidence, we conclude that the court did not clearly err when it found by a preponderance of the evidence that the actions taken by Banks fell within the definition of attempted first-degree murder under 18 U.S.C. § 1111.

*Id.*, slip op. at 3-4.

### B. Civil Case Number 13-2754

On September 27, 2013, Banks filed his *pro se* § 2255 Motion, accompanied by a legal memorandum. (§ 2255 Mot., *Banks v. United States,* No. 2:13-cv-02754-STA-dkv (W.D. Tenn.), ECF No. 1; Mem. of Law in Supp. of § 2255 Mot., *id.*, ECF No. 1-1.) Because the issues presented were not clearly enumerated in either the form motion or the 38-page memorandum, the Court issued an order on April 9, 2014, directing Banks to file an amended motion on the official form within thirty days. (Order, *id.*, ECF No. 4.) The order concluded: "Should Movant fail to file an amended motion within the time specified, the Court will assume that his § 2255

Motion presents only a challenge to his sentence on the basis of the Supreme Court's decision in *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), and will proceed to address that issue." (*Id.* at 2-3.)

Banks's copy of the Court's order was returned by the post office as undeliverable. (Mail Returned, *Banks v. United States*, No. 2:13-cv-02754-STA-dkv (W.D. Tenn.), ECF No. 5.) In an order issued on June 5, 2015, the Court stated that "it is not possible to determine from the docket whether Movant received the previous order" because the Clerk had complied with the instruction to update Banks's address but had mailed a copy of the official form to him at his previous address. (Order at 1-2, *id.*, ECF No. 6.) The Court directed Banks, for the second time, to file an amended motion on the official form and cautioned him that, if he did not, the Court would assume that the only issue presented was a challenge to his sentence under *Alleyne*. (*Id.* at 2.) Banks has failed to comply with, or otherwise respond to, the Court's order.

## II.     THE LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

A § 2255 motion is not a substitute for a direct appeal. *See Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976). "Defendants must assert their claims in the ordinary course of trial and direct appeal." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). This rule is not absolute:

> If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a complete miscarriage of justice, it seems to us that what really is being asserted is a violation of due process.

*Id.* (internal quotation marks omitted).

Even constitutional claims that could have been raised on direct appeal, but were not, will be barred by procedural default unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise those issues previously. *El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3d 693, 698-99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors). Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998).

"[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *see also DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (same).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.* The movant is entitled to reply to the Government's response. Rule 5(d), § 2255 Rules. The Court may also direct the parties to provide additional information relating to the motion. Rule 7, § 2255 Rules.

"In reviewing a § 2255 motion in which a factual dispute arises, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Valentine v. United States,* 488 F.3d 325, 333 (6th Cir. 2007) (internal quotation marks omitted). "[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* (internal quotation marks omitted). The movant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

### III.   ANALYSIS OF MOVANT'S CLAIM

The sole issue presented in Movant's § 2255 Motion is whether he is entitled to a reduction in his sentence pursuant to the Supreme Court's decision in *Alleyne v. United States*, which was issued after his conviction became final. In *Alleyne*, 133 S. Ct. at 2155, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" that must be submitted to the jury, rather than a "sentencing factor." Applying this standard, the Supreme Court concluded that a finding that a defendant charged under 18 U.S.C. §

924(c) "brandished" a firearm, which triggers a mandatory minimum sentence of seven years, must be submitted to the jury. *Id.* at 2163-64.

Banks is not entitled to a reduction in his sentence because of the *Alleyne* decision. First, Banks was not subject to a mandatory minimum sentence and, therefore, *Alleyne* is inapplicable.

Second, Banks's § 2255 Motion is time barred unless the decision in *Alleyne* involved a right that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." 28 U.S.C. § 2255(f)(3). A new rule is "made retroactive to cases on collateral review" only if the Supreme Court holds it to be retroactive. *Tyler v. Cain*, 533 U.S. 656, 662 (2001). The Supreme Court has not held *Alleyne* to be retroactively applicable to cases on collateral review. The Sixth Circuit Court of Appeals has declined to apply *Alleyne* retroactively. *See In re Mazzio*, 756 F.3d 487, 488 (6th Cir. 2014) (denying leave to file a second or successive § 2255 motion "[b]ecause *Alleyne* has not been made retroactive to cases on collateral review by the Supreme Court"); *Rogers v. United States*, 561 F. App'x 440, 443-44 (6th Cir.) ("[T]he constitutional rules of criminal procedural [sic] adopted in *Alleyne* and [*Peugh v. United States*, 133 S. Ct. 2072 (2013),] are not available on collateral review of Rogers's sentence, because the judgment became final before the Court's decisions in A*lleyne* and *Peugh*."), *cert. denied,* 135 S. Ct. 500 (2014); *Garcia v. United States*, No. 3:13-1308, 2014 WL 958017, at *1 (M.D. Tenn. Mar. 12, 2014) (denying relief on *Alleyne* issue raised in initial § 2255 motion because decision is not retroactive).

The motion, together with the files and record in this case, "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), § 2255 Rules. The Court finds that a response is not required from the United States Attorney and that the motion may be resolved without an evidentiary hearing. *See Smith v. United States*, 348 F.3d 545, 550

(6th Cir. 2003); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Movant's conviction and sentence are valid and, therefore, his § 2255 Motion is **DENIED**. Judgment shall be entered for the United States.

IV.  **APPEAL ISSUES**

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

The COA must indicate the specific issue(s) that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

There can be no question that the issue raised in Movant's § 2255 Motion is meritless for the reasons previously stated. Because any appeal by Movant on the issue raised in his § 2255 Motion does not deserve attention, the Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[2]

**IT IS SO ORDERED**.

s/ **S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT COURT

Date: July 5, 2016.

---

[2] If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.